# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CARL B. COLLINS, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2:11-cv-428-JRG |
| v. | § | |
| | § | |
| NISSAN NORTH AMERICA, INC., *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Before the Court on May 2, 2013 came on to be heard Plaintiffs' Motion to Compel Discovery From Nissan (Dkt. No. 87). Plaintiffs request the Court to (1) exclude Nissan from presenting evidence and testimony at trial from fact witnesses (and expert witnesses to the extent they rely on the testimony of fact witnesses) concerning the noticed 30(b)(6) topics 15 (sales/revenues/costs/profits for the accused products) and 17 (Nissan's licensing practices)[1]; (2) order Nissan to provide substantive responses to Plaintiffs' Second Set of Interrogatories; and (3) order Nissan to provide translations from Japanese to English and a narrative response to Plaintiffs' Interrogatory No. 5. The Court heard argument from both sides and is of the opinion that Nissan has failed to comply with its discovery obligations in good faith and that Plaintiffs are entitled to appropriate relief under Fed. R. Civ. P. 37.

It is well settled that the rules of discovery in the Eastern District of Texas are accorded a broad and liberal treatment to affect their stated purpose of adequately informing litigants in civil

---

[1] Plaintiffs' original request on the papers was to compel Nissan to produce a properly-prepared witness in Texas before the week of April 8, 2013 to testify about topics 15 and 17. However, at oral argument on May 2, 2013, Plaintiffs indicated that the requested date had passed and given the reduced time available before trial, they now request more appropriate relief; *i.e.* exclusion.

1

trials. *DDR Holdings, LLC v. Hotels.com, L.P., et al.*, 2012 WL 2935172, at *2 (E.D. Tex. July 18, 2012). Nissan may not ignore certain topics in a 30(b)(6) deposition notice simply because it believes the topics noted are ambiguous or otherwise addressed by its document production. The Court finds that Nissan did just that in this case. If Nissan's true concern was ambiguity, procedural devices are available and known to Nissan to seek clarification of the noticed topics. Nissan never sought clarification from Plaintiffs or from the Court. This District's local discovery rules are clear, and they do not excuse a failure to provide 30(b)(6) testimony simply because Nissan believes that its document production "speak for themselves." (Nissan's Opposition Br., Dkt. No. 97, at 4.)

Here, Nissan unilaterally decided to block discovery into topics clearly identified in a 30(b)(6) deposition notice. This is not permitted under the Federal Rules of Civil Procedure or this Court's Local Rules. Such unilateral action blatantly usurps the Court's function as the gatekeeper in matters of discovery. Having been put on notice of Plaintiffs' 30(b)(6) topics, Nissan was required to either (1) tender a witness on each topic; (2) confer with Plaintiffs' counsel to discuss the scope of the deposition and resolve any disputes among themselves; or (3) seek relief from the Court once a meet-and-confer between the parties did not resolve the dispute. Instead, Nissan acted unilaterally, purposefully and with knowing disregard for these established steps by refusing to present a knowledgeable witness at all on these topics. Such conduct is precisely that for which Fed. R. Civ. P. 37 provides a remedy.

Similarly and additionally, Nissan has failed to act in good faith by objecting to Plaintiffs' Second Set of Interrogatories as untimely and refusing to provide substantive responses because its response deadline, with the three days added pursuant to L.R. cv-6(a),

would fall three days after the close of fact discovery. The Court believes that it should not have to remind the parties that a deadline does not prohibit or discourage a response prior to the last possible moment; rather, a deadline sets the outer limit for a timely response. Here, where the response deadline falls three days after the close of discovery (and only after Nissan chooses to take advantage of the additional three days offered by the Local Rules), the proper course of action for the responding party is to either meet and confer seeking to extend the discovery cutoff by three days, endeavor to respond in a timely manner, or seek direction from the Court. The Court cannot help but be persuaded that Nissan's refusal to pursue none of the above options reveals a strategic but improper decision to consciously impede Plaintiffs' discovery efforts. Again, Fed. R. Civ. P. 37 provides a remedy.

Having considered the parties' written submissions and oral argument, the Court finds that Nissan has acted improperly with respect to the conduct raised in this Motion. Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion to Compel and **ORDERS** the following relief.

Nissan shall, within fourteen (14) days, provide to Plaintiffs at Nissan's cost:

(1) substantive responses to Plaintiffs' Second Set of Interrogatories,

(2) a narrative response to Plaintiffs' Interrogatory No. 5, and

(3) certified English translations of Japanese documents (presently existing in whole or part in Japanese) referenced in Nissan's Response to Interrogatory No. 5.

The Court finds that Plaintiffs' request to exclude Nissan from presenting evidence and testimony at trial from fact witnesses (and expert witnesses to the extent they rely on the testimony of fact witnesses) concerning the noticed 30(b)(6) topics 15 and 17 has merit, but finds that now is not the most appropriate time to administer such relief. The Court believes that when it considers the various pretrial motions that the parties will present that it can then better

consider extending such relief as justified by Nissan's conduct at that time. Accordingly, the Court reserves the application of appropriate relief in this regard until such future date before the start of trial as the Court may determine.

**So ORDERED and SIGNED this 9th day of May, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE